# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**BRIAN K. SKIDMORE,**
**Claimant Below, Petitioner**

**FILED**
**May 20, 2021**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 20-0106** (BOR Appeal No. 2054390)
                (Claim No. 2018002767)

**UNITED PARCEL SERVICE, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Brian K. Skidmore, by Counsel Robert L. Stultz, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). United Parcel Service, Inc., by Counsel Jeffrey B. Brannon, filed a timely response.

The issue on appeal is temporary total disability benefits. The claims administrator closed the claim for temporary total disability benefits on January 30, 2018. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its June 26, 2019, Order. The Order was affirmed by the Board of Review on January 15, 2020.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions[.]
>
>          . . . .

1

(c) If the decision of the board represents an affirmation of a prior ruling by both the commission and the office of judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of Constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo re-weighing of the evidentiary record. . . .

*See Hammons v. West Virginia Off. of Ins. Comm'r,* 235 W. Va. 577, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. West Virginia Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Skidmore, a driver, injured his left ankle in the course of his employment on July 27, 2017, when he stepped off of a curb. The August 3, 2017, Employees' and Physicians' Report of Injury indicates Mr. Skidmore injured his left ankle at work and listed the diagnosis as left Achilles tendon. Mr. Skidmore sought treatment for his injury on August 3, 2017, from David Watson, M.D., at MedExpress. Examination showed soft tissue swelling. Dr. Watson diagnosed synovitis and tenosynovitis of the left ankle and foot. Mr. Skidmore returned to MedExpress on August 10, 2017, for worsening symptoms. Edward Neely, M.D., diagnosed left ankle and foot synovitis and tenosynovitis and left ankle sprain.

Mr. Skidmore was referred to Richard Topping, M.D., an orthopedist. On August 22, 2017, Mr. Topping diagnosed left ankle sprain with posterior tibial tendon injury. He recommended an MRI. The MRI was performed on September 13, 2017, and showed a possible mild sprain of the spring ligament and mild fluid in the talocalcaneal joint space. On October 2, 2017, Dr. Topping noted that Mr. Skidmore's symptoms had improved with bracing and light duty for a month and then temporary total disability benefits when light duty was no longer available. Dr. Topping recommended physical therapy for two to three weeks. Mr. Skidmore required a functional capacity evaluation before returning to work.

Mr. Skidmore was treated at Elkins Physical Therapy from October 4, 2017, through January 26, 2018. In an October 23, 2017, treatment note, Dr. Topping noted that Mr. Skidmore reported continued pain. Dr. Topping recommended a functional capacity evaluation to determine Mr. Skidmore's ability to return to work. On January 31, 2018, Elkins Physical Therapy sent a letter to Dr. Topping stating that Mr. Skidmore underwent a Functional Capacity Evaluation, which showed that he could work at the sedentary level. The results were found to be valid. The claims administrator granted twelve additional physical therapy sessions on January 4, 2018.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation on January 23, 2018, in which he found that Mr. Skidmore had reached maximum medical improvement. Dr. Mukkamala found 1% permanent partial disability. The claims administrator closed the claim for

temporary total disability benefits on January 30, 2018. In a separate decision that day, the claims administrator granted Mr. Skidmore a 1% permanent partial disability award.

Mr. Skidmore returned to Dr. Topping on February 12, 2018, with complaints of pain and limited range of motion. Dr. Topping recommended physical therapy followed by a joint injection if necessary. Mr. Skidmore underwent physical therapy at Seven Performance from February 16, 2018, through May 18, 2018. On April 17, 2018, Dr. Topping noted that physical therapy improved Mr. Skidmore's symptoms. Dr. Topping recommended a work hardening program. On May 1, 2018, it was noted that Mr. Skidmore's symptoms had improved again. He was to undergo a work hardening program. Dr. Topping indicated Mr. Skidmore was unable to work from May 1, 2018, through June 5, 2018.

Kyle West, a physical therapist at Seven Performance, completed a physical therapy recertification note on May 18, 2018, stating that Mr. Skidmore had improved with physical therapy but required additional visits to increase functional capacity. Dr. Topping released Mr. Skidmore to return to work without restrictions on July 16, 2018.

Mr. Skidmore testified in a deposition on May 6, 2019, that he returned to work on July 25, 2018. Mr. Skidmore stated that he was also treated for a noncompensable condition and was off of work for that condition from October of 2017 through July of 2018.

The Office of Judges affirmed the claims administrator's closure of the claim for temporary total disability benefits in its June 26, 2019, Order. The Office of Judges found that Dr. Mukkamala opined that Mr. Skidmore had reached maximum medical improvement on January 23, 2018; however, treatment records from his orthopedic surgeon and physical therapist indicate Mr. Skidmore was not at his maximum degree of medical improvement. The Office of Judges noted that this case is complicated by the fact that Mr. Skidmore also suffers from a noncompensable condition that rendered him unable to work. Mr. Skidmore testified in a deposition that he was unable to return to work until July 25, 2018, due to the noncompensable condition. The Office of Judges determined that none of the treatment notes from Dr. Topping, Elkins Physical Therapy Service, or Seven Performance indicate they were aware of Mr. Skidmore's noncompensable condition. Dr. Mukkamala was the only physician of record to consider Mr. Skidmore's noncompensable condition and the effect it had on his ability to return to work. The Office of Judges therefore concluded that Dr. Mukkamala was in the best position to determine the effect Mr. Skidmore's compensable ankle injury had on his ability to return to work. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on January 15, 2020.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Pursuant to West Virginia Code § 23-4-7a temporary total disability benefits will cease when the claimant has reached maximum medical improvement, has been released to return to work, or has returned to work, whichever occurs first. Mr. Skidmore testified in a deposition that he was unable to return to work until July 25, 2018, due to a noncompensable condition. Though treatment notes from his treating physician and physical therapists indicate he was not at maximum medical improvement for his left ankle injury, the

evidence indicates they were not aware of Mr. Martin's noncompensable condition and how it affected his ability to return to work. The Office of Judges was not clearly wrong to find Dr. Mukkamala's opinion to be the most reliable of record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** May 20, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

4